```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
BORIS SHAULOV,
                                          COMPLAINT AND JURY DEMAND
                     Plaintiff,           18-cv-4151


            - against -

THE STATE OF NEW YORK,
ASSISTANT DISTRICT ATTORNEY
CHRISTINA FEY, PROBATION
OFFICER JONATHAN BENNET,
PROBATION OFFICER WASHINGTON USHAMA,
and RACHEL WAGSHUL,


                     Defendant.
----------------------------------------x
```

Plaintiff BORIS SHAULOV, (hereinafter "Shaulov" or "Plaintiff") by his attorneys, Barry R. Feerst & Associates, complaining of the defendants herein, respectfully allege as follows:

## INTRODUCTION

1. Shaulov was wrongfully convicted on February, 2012 for the crime of rape in the third degree and other charges. He was sentenced on March 27, 2012 to a determinate term of imprisonment for two years to be followed by three years of post-release supervision and spent over two years in jail for a crime he did not commit.

2. On information and belief, Shaulov's wrongful conviction was caused by the Assistant District Attorney of the State of New

York Christina Fey who willfully withheld exculpatory material from Shaulov and conspired with the complainant Jane to proffer false testimony and with the Probation Officers who were alone with Shaulov at the time the alleged rape occurred, to wrongfully convict Shaulov.

3. In 2015 The Court of Appeals dismissed the claim against Shaulov and ordered a mistrial, due to prosecutorial misconduct and on July 23, 2015, the State of New York decided to withdraw all claims against Shaulov.

## JURISDICTION

4. This Court has federal jurisdiction pursuant to 28 U.S.C 1331 over claims arising under 42 U.S.C. § 1983.

5. Supplemental jurisdiction over Shaulov's state law claims exists pursuant to 28 U.S.C. § 1367(a).

6. Shaulov has complied with the statutory requirement to service a notice of claim on the State of New York. More than 30 days have elapsed since service of said notice and no offer of settlement has been made.

## VENUE

7. Pursuant to 28 U.S.C. § 1391(b) venue is proper in the Eastern District of New York, the judicial district in which the claim arose.

## JURY DEMAND

8. Pursuant to the Seventh Amendment of the Constitution of the United States, the Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9. Plaintiff BORIS SHAULOV is an adult resident of the State of New York and County of Kings.

10. Defendant RACHEL WAGSHUL is an adult resident of the State of New York and County of Kings.

11. Defendant CHRISTINA FEY, is an adult resident of the State of New York and County of Kings, and all relevant times, was an Assistant District Attorney for the State of New York.

12. Defendant the STATE OF NEW YORK at all times was and is a lawfully existing corporation.

13. Defendant JONATHAN BENNET at the relevant time was a Probation Officer for the State of New York.

14. Defendant WASHINGTON USHAMA at the relevant time was a Probation Officer for the State of New York.

## NATURE OF THE ACTION

15. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. § § 1983, 1985 and 1988 and the laws of the State of New York for the malicious prosecution of Shualov for the rape that never happened of Defendant RACHEL WAGSHUL.

**THE FACTS**

16. On or about December, 2009, RACHEL WAGSHUL brought formal charges against SHAULOV alleging that he unlawfully engaged in sexual acts with RACHEL WAGSHUL, on March 11, 2009 at 9:15 p.m. at the residence of SHAULOV, a few weeks before RACHEL WAGSHUL 17th birthday.

17. RACHEL WAGSHUL had actual knowledge that those claims were false and malicious and that SHAULOV and RACHEL WAGSHULwere not even in the same location, at 9:15 p.m. the time the alleged criminal act occurred.

18. For at March 11, 2008 at 9:15 p.m., SHAULOV was alone in his residence together with the two defendant Probatione officers, evidenced by the logs that were entered into contemporaneously with their visit held by the New York State Department of Probation.

19. Nonetheless, RACHEL WAGSHUL pursued her claim with the full knowledge that her claims were bogus and improperly wanted to abuse the judicial system to harm SHAULOV.

20. RACHEL WAGSHUL brought the claims with malice and without probable cause.

21. As a result of that complaint, SHAULOV was arrested by officers of the New York City Police Department on September 2, 2009 and was placed in custody.

22. Subsequently, a trial was conducted and the People was represented by Fey. Throughout the trial, Fey systematically and in collusion and in concert with the two defendant Probation Officers, withheld exculpatory evidence from the jury, that demonstrated that SHAULOV was visited by said defendant Probation Officers at the time of the alleged rape.

23. At the trial, RACHEL WAGSHUL proffered extensive perjured testimony regarding SHAULOV. The Probation Officers in concert with Fey, did not cooperate with the defense and refused to corroborate Shaulov's innocence. On February 21, 2012, SHAULOV was found guilty of two counts of rape in the third degree, based primarily on RACHEL WAGSHUL testimony as well as the unethical practices of FEY.

24. As a result of the bogus charges and testimony of RACHEL WAGSHUL, on March 11, 2012, SHAULOV was sentenced to a determinate sentence of two years of incarceration.

25. On March 27, 2012 a Judgment of Conviction was entered.

26. Consequently, SHAULOV was incarcerated in several maximum security state correctional facilities for the duration of 2 years.

27. SHAULOV suffered extreme emotional distress and hardship during his incarceration, especially since he was erroneously labeled a sexual predator.

28. Until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

29. SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

30. On March 31, 2015, the Court of Appeals dismissed the claim against the SHAULOV and ordered a mistrial, based on improper prosecutorial conduct.

31. The State of New York subsequently did not pursue a conviction of SHAULOV and voluntarily dismissed all claims against him on July 23, 2015.

32. At all times, FEY was acting within her official capacity as an employee of the State of New York.

## COUNT ONE

42 U.S.C § 1983 4th, 6th and 14th Amendment Claims for Wrongful Arrest, Malicious Prosecution, and Denial of Due Process and a Fair Trial

33. Plaintiff hereby incorporates Paragraphs 1-32 as if fully set forth herein.

34. The Defendants, on information and belief, despite knowing that probable cause did not exist to arrest and prosecute Shaulov, acted with malice individually and in concert to cause

Shaulov to be arrested, charged and prosecuted for a crime he did not commit, thereby violating Shualov's rights pursuant to the Fourth, Sixth and Fourteen Amendments of the United States Constitution.

35. SHAULOV suffered extreme emotional distress and hardship during his incarceration, especially since he was erroneously labeled a sexual predator.

36. As a result of those action, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

37. SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

## COUNT TWO

### State Law Malicious Prosecution Claim

35. Plaintiff hereby incorporates paragraphs 1-37 as if fully set forth herein.

36. The Defendants, on information and belief, despite knowing that probable cause did not exist to arrest and prosecute Shaulov, acted with malice individually and in concert to cause Shaulov to be arrested, charged and prosecuted for a crime he did not commit.

37. Specifically, by withholding from the jury the fact that the Probation Officers were alone with Shaulov at the time the alleged rape occurred.

38. SHAULOV suffered extreme emotional distress and hardship during his incarceration, especially since he was erroneously labeled a sexual predator.

39. As a result of that conduct, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

40. SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

### COUNT THREE

State Law Respondent Superior Claim Against
State of New York for Malicious Prosecution

38. Plaintiff hereby incorporates paragraphs 1-40 as if fully set forth herein.

39. The actions of the Defendants were not based on probable cause. The actions were wrongful, malicious and designed to embarrass and damage SHAULOV who suffered extreme mental and emotional anguish as a result of Defendants' wrongful actions. SHAULOV incurred legal fees and lost wages as a result of the Defendants' deliberate and malicious actions.

40. SHAULOV has suffered harm to his reputation, humiliation, embarrassment, mental anguish and distress as a result of being arrested by the New York City Police Department on the false charges brought by Defendants.

41. Defendants' actions and course of conduct reflect a malicious, intentional, willful and reckless disregard of the rights of Plaintiff and warrant an award of punitive damages to SHAULOV.

42. The willful actions of the Defendants constitute malicious prosecution, intentional infliction of emotional distress, libel and slander and SHAULOV is entitled to a Judgment of and against the Defendants for compensatory and punitive damages.

43. The State of New York is liable for its agents' state law tort of malicious prosecution under the doctrine of respondeat superior.

44. As a result of that conduct, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

45. SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

## COUNT FOUR

42 U.S.C. § 1983 4th, 6th and 14th Amendment Claims Against FEY

44. Plaintiff hereby incorporates paragraphs 1-45 as if fully set forth herein.

45. The District Attorney of Kings County, on information and belief, has final policy authority regarding the customs, rules and policies that govern the Assistant District Attorneys in Brooklyn, including ADA Fey.

46. On information and belief, one of these policies was to withhold exculpatory material from the defense that have been requested by the defense attorneys.

47. On information and belief, this policy was dutifully followed by ADA Fey at the conviction of plaintiff. If the policy was different, Shaulov most likely would have been acquitted of all charges.

48. As a result of that conduct, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

49. SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

**WHEREFORE,** Plaintiff demands judgment in the sum of $10,000,000.00 compensatory and $5,000,000.00 punitive damages and legal fees in the defense and appeal of the underling conviction and costs as well as the legal fees incurred by this proceeding.

                                            BARRY R. FEERST & ASSOCIATES

                              By:_____/s/_____
                                  BARRY R. FEERST
                                  Attorney for Plaintiff
                                  194 South 8th Street
                                  Brooklyn, NY 11211
                                  (718) 384-9111

Dated: July 20, 2018