BARRY R. FEERST & ASSOCIATES (BRF-3836)
Attorneys for Plaintiff
194 South 8th Street
Brooklyn, New York 11211
t(718)384-9111
f(718)384-5999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
BORIS SHAULOV,

                                   **AMENDED
                       COMPLAINT AND JURY DEMAND**

               Plaintiff,

                                     Plaintiff demands
      - against -                   Trial by Jury

THE STATE OF NEW YORK,
THE CITY OF NEW YORK,                    1:18-cv-04151
THE NEW YORK POLICE DEPARTMENT,
THE DISTRICT ATTORNEY OF KINGS COUNTY,
ASSISTANT DISTRICT ATTORNEY
CHRISTINA FEY, NEW YORK STATE DEPARTMENT
OF PROBATION, PROBATION OFFICER
JONATHAN BENNET, PROBATION OFFICER
WASHINGTON USHAMA, NEW YORK STATE
DEPARTMENT OF CORRECTIONS,
RACHEL WAGSHUL and JOHN DOES 1-10 the
identities of whom are presently unknown,
in their individual and official capacities
as employees of the defendant entities,

                  Defendants.
-------------------------------------x

    Plaintiff BORIS SHAULOV, (hereinafter "Shaulov" or "Plaintiff") by his attorneys, Barry R. Feerst & Associates, complaining of the defendants herein, respectfully allege as follows:

**INTRODUCTION**

    1. Shaulov was wrongfully convicted on February, 2012 for the

crime of rape in the third degree and other charges. He was sentenced on March 27, 2012 to a determinate term of imprisonment for two years to be followed by three years of post-release supervision and spent over two years in jail for a crime he did not commit.

2. On information and belief, Shaulov's wrongful conviction was caused by the Assistant District Attorney of the State of New York Christina Fey who willfully withheld exculpatory material from Shaulov and conspired with the complainant RACHEL WAGSHUL to proffer false testimony and with the Probation Officers who were alone with Shaulov at the time the alleged rape occurred, to wrongfully convict Shaulov.

3. In 2015, The Court of Appeals dismissed the claim against Shaulov and ordered a mistrial, due to prosecutorial misconduct and on July 23, 2015, the State of New York decided to withdraw all claims against Shaulov.

## JURISDICTION

4. This Court has federal jurisdiction pursuant to 28 U.S.C 1331 over claims arising under 42 U.S.C. § 1983.

5. Supplemental jurisdiction over Shaulov's state law claims exists pursuant to 28 U.S.C. § 1367(a).

6. Shaulov has complied with the statutory requirement to service a notice of claim on the State of New York. More than 30 days have elapsed since service of said notice and no offer of

settlement has been made.

## **VENUE**

7. Pursuant to 28 U.S.C. § 1391(b) venue is proper in the Eastern District of New York, the judicial district in which the claim arose.

## **JURY DEMAND**

8. Pursuant to the Seventh Amendment of the Constitution of the United States, the Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## **PARTIES**

9. Plaintiff BORIS SHAULOV is an adult resident of the State of New York and County of Kings.

10. Defendant the STATE OF NEW YORK at all times was and is a lawfully existing corporation.

11. Defendant the CITY OF NEW YORK at all times was and is a lawfully existing municipal corporation.

12. Defendant the NEW YORK POLICE DEPARTMENT at all times was and is a lawfully existing municpal corporation.

13. Defendant the DISTRICT ATTORNEY OF KINGS COUNTY at all times was and is a lawfully existing municipal corporation.

14. Defendant the NEW YORK STATE DEPARTMENT OF PROBATION at all times was and is a lawfully existing municipal corporation.

15. Defendant CHRISTINA FEY, is an adult resident of the State of New York and County of Kings, and all relevant times, was an

3

Assistant District Attorney for the State of New York.

16. Defendant JONATHAN BENNET, is an adult resident of the State of New York and County of Kings, and all relevant times, was a Probation Officer for the State of New York.

17. Defendant WASHINGTON USHAMA, is an adult resident of the State of New York and County of Kings, and all relevant times, was a Probation Officer for the State of New York.

18. Defendant the NEW YORK STATE DEPARTMENT OF CORRECTIONS at all times was and is a lawfully existing municipal corporation.

19. Defendant RACHEL WAGSHUL is an adult resident of the State of New York and County of Kings.

20. Defendants JOHN DOES 1-10 are, upon information an belief, at all times relevant were acting as agents, servants and employees of co-defendant municipal corporations and are sued in their individual and official capacities.

## NATURE OF THE ACTION

21. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983, 1985 and 1988 and the laws of the State of New York for the malicious prosecution of SHUALOV for the rape that never happened of Defendant RACHEL WAGSHUL.

## THE FACTS

22. On or about December, 2009, RACHEL WAGSHUL brought formal charges against SHAULOV alleging that he unlawfully engaged in

4

sexual acts with RACHEL WAGSHUL, on March 11, 2009 at 9:15 p.m. at the residence of SHAULOV, a few weeks before RACHEL WAGSHUL 17th birthday.

23. RACHEL WAGSHUL had actual knowledge that those claims were false and malicious and that SHAULOV and RACHEL WAGSHUL were not even in the same location at 9:15 p.m., the time the alleged criminal act occurred.

24. For at March 11, 2008 at 9:15 p.m., SHAULOV was alone in his residence together with the two defendant parol officers, evidenced by the logs that were entered into contemporaneously with their visit held by the New York State Department of Probation.

25. Nonetheless, RACHEL WAGSHUL pursued her claim with the full knowledge that her claims were bogus and improperly wanted to abuse the judicial system to harm SHAULOV.

26. RACHEL WAGSHUL brought the claims with malice and without probable cause.

27. As a result of that complaint, SHAULOV was arrested by officers of the New York City Police Department on September 2, 2009 and was placed in custody.

28. Subsequently, a trial was conducted and the People was represented by ADA Fey. Throughout the trial, Fey systematically and in collusion and in concert with the two defendant Probation Officers, withheld exculpatory evidence from the jury, that demonstrated that SHAULOV was visited by said defendant Parol

Officers at the time of the alleged rape.

29. At the trial, RACHEL WAGSHUL proffered extensive perjured testimony regarding SHAULOV. The Parol Officers in concert with Fey, did not cooperate with the defense and refused to corroborate Shaulov's innocence. On February 21, 2012, SHAULOV was found guilty of two counts of rape in the third degree, based primarily on RACHEL WAGSHUL testimony as well as the unethical practices of FEY.

30. As a result of the bogus charges and testimony of RACHEL WAGSHUL, on March 11, 2012, SHAULOV was sentenced to a determinate sentence of two years of incarceration.

31. On March 27, 2012 a Judgment of Conviction was entered.

32. Consequently, SHAULOV was incarcerated in several maximum security state correctional facilities for the duration of 2 years.

33. SHAULOV suffered extreme emotional distress and hardship during his incarceration, especially since he was erroneously labeled a sexual predator.

34. Until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

35. SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

36. On March 31, 2015, the Court of Appeals dismissed the

6

claim against the SHAULOV and ordered a mistrial, based on improper prosecutorial conduct.

37. The State of New York subsequently did not pursue a conviction of  SHAULOV and voluntarily dismissed all claims against him on July 23, 2015.

38. At all times, FEY, BENNET, USHAMA and DOE were acting within their official capacities.

## COUNT ONE

42 U.S.C § 1983 4th, 6th and 14th Amendment Claims
for Wrongful Arrest, Malicious Prosecution, and Denial of Due Process and a Fair Trial

39. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

40. The Defendants, on information and belief, despite knowing that probable cause did not exist to arrest and prosecute Shaulov, acted with malice individually and in concert to cause Shaulov to be arrested, charged and prosecuted for a crime he did not commit, thereby violating Shualov's rights pursuant to the Fourth, Sixth and Fourteen Amendments of the United States Constitution.

41. SHAULOV suffered extreme emotional distress and hardship during his incarceration, especially since he was erroneously labeled a sexual predator.

42. As a direct and proximate result of all of the Defendants' unlawful actions, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma

7

and pain he endured throughout his unlawful incarceration.

43. As a direct and proximate result of all of the Defendants' unlawful actions, SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

## COUNT TWO

State Law Malicious Prosecution Claim

44. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

45. The Defendants, on information and belief, despite knowing that probable cause did not exist to arrest and prosecute Shaulov, acted with malice individually and in concert to cause Shaulov to be arrested, charged and prosecuted for a crime he did not commit.

46. Specifically, by withholding from the jury the fact that the defendant Probation Officers were alone with Shaulov at the time the alleged rape occurred.

47. As a direct and proximate result of all of the Defendants' unlawful actions, SHAULOV suffered extreme emotional distress and hardship during his incarceration, especially since he was erroneously labeled a sexual predator.

48. As a direct and proximate result of all of the Defendants' unlawful actions, until this day, SHAULOV continues to suffer

extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

49. As a direct and proximate result of all of the Defendants' unlawful actions, SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

## COUNT THREE

State Law Respondent Superior Claim Against
State of New York for Malicious Prosecution

50. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

51. The actions of the Defendants were not based on probable cause. The actions were wrongful, malicious and designed to embarrass and damage SHAULOV who suffered extreme mental and emotional anguish as a result of Defendants' wrongful actions. SHAULOV incurred legal fees and lost wages as a result of the Defendants' deliberate and malicious actions.

52. SHAULOV has suffered harm to his reputation, humiliation, embarrassment, mental anguish and distress as a result of being arrested by the New York City Police Department on the false charges brought by Defendants.

53. Defendants' actions and course of conduct reflect a

9

malicious, intentional, willful and reckless disregard of the rights of Plaintiff and warrant an award of punitive damages to SHAULOV.

54. The willful actions of the Defendants constitute malicious prosecution, intentional infliction of emotional distress, libel and slander and SHAULOV is entitled to a Judgment of and against all of the Defendants for compensatory and punitive damages.

55. The State of New York, the City of New York, the New York Police Department, the District Attorney of Kings County, and the New York State Department of Probation and the New York State Department of Corrections are liable for their agents' state law tort of malicious prosecution under the doctrine of respondeat superior.

56. As a result of that conduct, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

57. As a direct and proximate result of all of the Defendants' unlawful actions, SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

## COUNT FOUR

42 U.S.C. § 1983 4th, 6th and 14th Amendment Claims
Against FEY

58. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

59. The District Attorney of Kings County, on information and belief, has final policy authority regarding the customs, rules and policies that govern the Assistant District Attorneys in Brooklyn, including ADA Fey.

60. On information and belief, one of these policies was to withhold exculpatory material from the defense, that have been requested by the defense attorneys.

61. On information and belief, this policy was dutifully followed by ADA Fey at the conviction of plaintiff. If the policy was different, Shaulov most likely would have been acquitted of all charges.

62. As a direct and proximate result of all of the Defendants' unlawful actions, until this day, SHAULOV continues to suffer extreme emotional distress as a result of the humiliation, trauma and pain he endured throughout his unlawful incarceration.

63. As a direct and proximate result of all of the Defendants' unlawful actions, SHAULOV's reputation is tarnished in the public eye because he is deemed a sex offender and this detrimentally affects his ability to obtain credit, to become financially stable as well as socially stable.

11

**WHEREFORE,** Plaintiff requests judgment on all counts against the defendants:

a) For compensatory damages in an amount to be determined at trial; and

b) For punitive damages in an amount to be determined at trial; and

c) For attorneys' fees in the defense and appeal of the underlying conviction and costs, as well as the legal fees incurred by this proceeding; and

d) For the allowable Disbursements and costs of this action; and

e) Such other and further relief as may be just and proper.

                    BARRY R. FEERST & ASSOCIATES

                    By: _____/s/_____
                    Barry R. Feerst (BRF-3836)
                    Attorneys for Plaintiff
                    194 South 8th Street
                    Brooklyn, New York 11211
                    t(718)384-9111
                    f(718)384-5999

Dated: Brooklyn, New York
       July 22, 2018

12