

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **VALERIE E. SMITH**<br>*Senior Counsel*<br>Phone: (212) 356-2398<br>Fax: (212) 356-3509<br>vsmith@law.nyc.gov |

October 4, 2019

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  <u>Boris Shaulov v. The City of New York, et al.</u>
            18 CV 4151 (AMD) (PK)

Your Honor:

       I am a Senior Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing the City of New York and the Kings County District Attorney's Office ("City Defendants") in the above-referenced matter. City Defendants write pursuant to the Court's Order dated September 24, 2019 to provide an update regarding the status of this case. In addition, for the reasons set forth herein, defendants respectfully request that plaintiff's amended complaint be dismissed pursuant to FED. R. CIV. P. 41(b) because there has been no movement forward in this action for over a year.

       By way of background, plaintiff filed this action on July 20, 2018, alleging, *inter alia*, that on September 2, 2009, he was arrested based on false allegations that he had engaged in unlawful sexual acts with a minor. Plaintiff was thereafter convicted of engaging in sexual contact with a minor. In 2015, the Court of Appeals reversed plaintiff's conviction and ordered a new trial, and the District Attorney's Office dismissed all claims against him on July 23, 2015.

       On October 18, 2018, City Defendants filed a request for a pre-motion conference to discuss City Defendants' anticipated motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *See* ECF No. 16. Plaintiff failed to respond substantively to City Defendants' pre-motion conference letter. *See* ECF Entry dated, November 6, 2018. Instead, on November 7, 2018, plaintiff requested and was granted leave to amend the complaint. *See* ECF No. 24. On December 6, 2018, having not filed his amended complaint, plaintiff requested and was granted an extension of time to file his amended pleading. *See* ECF No. 26. On January 7, 2019, plaintiff finally filed an amended complaint withdrawing all claims against the New York City Police Department, the State of New York, the New York State Department of Corrections, and the

New York State Department of Probation. The amended complaint also withdrew all claims against Probation Officers Bennet and Ushama. *See* ECF No. 27.

On May 28, 2019, City Defendants filed another request for a pre-motion conference to discuss City Defendant's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 41. Again, plaintiff failed to respond substantively to City Defendants' pre-motion conference letter. *See* ECF Entry dated, June 18, 2019. On June 20, 2019, both defendants were present in Court for the scheduled pre-motion conference, but plaintiff failed to appear. Instead, plaintiff's counsel, Barry R. Feerst, Esq., sent a *per diem* attorney, Salvatore Compoccia, Esq., to appear in his place. At that time, Mr. Compoccia informed the Court that Mr. Feerst intended to withdraw as counsel. Following this representation, the Court ordered Mr. Feerst to move to withdraw as counsel by June 27, 2019. *See* ECF Entry dated, June 20, 2019. To date, Mr. Feerst has not moved to withdraw as counsel for plaintiff, has not responded to City Defendants' pre-motion conference letter, and has failed to take any action to move this matter forward. Curiously, on July 8, 2019, Levi Huebner, Esq., filed a notice of appearance on this matter as an attorney to be noticed. *See* ECF No. 44. Mr. Huebner has not communicated with counsel for City Defendants and has not responded to City Defendants pre-motion conference letter. Like Mr. Feerst, Mr. Huebner has failed to take any action on this matter to move litigation forwards. In fact, a review of the civil docket sheet confirms that this matter has been stagnant since plaintiff filed his initial complaint and the parties are still at the pre-answer stage of the proceedings.

In light of plaintiff's dilatory conduct, City Defendants respectfully request that the amended complaint be dismissed pursuant to FED. R. CIV. P. 41(b) on the ground that plaintiff has failed to prosecute this action. Pursuant to FED. R. CIV. P. 41(b), the Court is invested with the discretionary authority to dismiss a complaint for failure of a plaintiff to prosecute his claims. Rule 41(b) provides that [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently.'" *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (quoting *Lyell Theater Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir. 1982)). Additionally, the Second Circuit held that failure to prosecute "can evidence itself in an action lying dormant with no significant activity to move it…." *Lyell Theatre Corp.,* 682 F.2d at 42. Plaintiff has the ultimate obligation of moving the case to trial, and "'[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by the plaintiff.'" *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)).

In the Second Circuit, courts look to five factors in determining to dismiss a suit for failure to prosecute: (1) the duration of the plaintiff's failure; (2) whether the plaintiff was on notice that the failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998) (evaluating dismissal pursuant to Rule 41(b) factors standard); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (applying Rule 41(b) factors standard for dismissal).

- 3 -

      Applying the factors set forth in *Spencer* and *Jackson*, this Court should dismiss plaintiff's amended complaint pursuant to Rule 41(b). The Court has given plaintiff *numerous* opportunities and an extensive amount of time to prosecute this action. Yet despite Court intervention and assistance, it has now been over a year since this matter was filed and there has been no significant activity to move this action forward. Plaintiff's lack of communication and inability to respond to any substantive issues demonstrates that he is not interested in prosecuting this action.

      For all these reasons, this action should be dismissed with prejudice. Thank you for your consideration of this request.

      Respectfully submitted,

      */s/*
      Valerie E. Smith
      *Senior Counsel*

cc:   **By ECF**
Barry Roy Feerst
Barry R. Feerst and Associates
*Attorney for plaintiff*
194 South 8th Street
Brooklyn, NY 11211

Yitzchok Kotkes
Gulko Schwed
*Attorney for plaintiff*
525 Chestnut Street, Ste 207
Cedarhurst, NY 11516

Levi Huebner
Levi Huebner & Associates, PC
*Attorney for plaintiff*
488 Empire Boulevard
Suite 100
Brooklyn, NY 11225

Marc Illish
Barry R. Feerst & Associates
*Attorney for plaintiff*
194 South 8th Street
Brooklyn, NY 11211

**BY ECF**
Hayes Young
The Law Offices of Hayes Young

- 4 -

*Attorney for co-defendant Wagshul*
The Woolworth Building
233 Broadway, Suite 2305
New York, NY 10279

- 4 -